*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ABBEY POSTLEWAIT,

        Plaintiff-Appellant,

v

STORAGE GROUP LLC,

        Defendant-Appellee.

UNPUBLISHED
August 11, 2026
9:29 AM

No. 376473
Muskegon Circuit Court
LC No. 2024-000732-NO

Before: BOONSTRA, P.J., and YOUNG and KOROBKIN, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's order granting defendant's motion for summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact). We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Defendant owns a storage facility on the corner of East Pontaluna Road and North Third Avenue in Fruitport Charter Township. The property's previous owners installed and maintained a chain-link fence around the perimeter of the property. Defendant bought the property in 2006 and never made any modifications to the fence. The public sidewalks adjoining defendant's property narrow significantly at the corner of defendant's lot, such that they more closely border the fence at the corner than elsewhere.

On July 20, 2021, plaintiff was riding her bicycle on the sidewalk on the west side of North Third Avenue. She attempted a left turn around the narrowed sidewalk onto East Pontaluna Road, but her bicycle handlebars clipped the fence at the corner of defendant's lot. This caused her to lose control of the bicycle, and she fell and sustained injuries requiring medical treatment.

In February 2024, plaintiff filed a premises-liability claim against defendant, alleging that it had negligently maintained a fence on its property in a way that rendered the sidewalk "unreasonably and unlawfully narrow." She engaged the services of an inspection consultant, who provided a report (as well as an affidavit indicating that he would testify consistently with the report), noting that the sidewalk narrowed "from 102" wide on Pontaluna, to 21" wide at the corner, and up to 60" again along 3rd Avenue." He opined that the narrowing of the sidewalk

violated several statutes, ordinances, and building codes, explaining that "[w]hen the Village [of Fruitport] in collaboration with MDOT, the Michigan Department of Transportation demolished and replaced the sidewalks and curb cuts in 2020 at this intersection, they needed to comply with all of the . . . ordinances."

Defendant filed a motion for summary disposition under MCR 2.116(C)(10). The trial court granted the motion on the basis that the evidence did not establish that defendant owed a duty to plaintiff. This appeal followed.

## II. SUMMARY DISPOSITION

Plaintiff argues that the trial court erred when it granted defendant's motion for summary disposition. We disagree.

### A. STANDARD OF REVIEW

"We review de novo a trial court's decision on a motion for summary disposition." *Kandil-Elsayed v F & E Oil, Inc*, 512 Mich 95, 109; 1 NW3d 44 (2023) (quotation marks and citation omitted). "A motion under MCR 2.116(C)(10) tests the factual sufficiency of a complaint. A trial court considers affidavits, pleadings, depositions, and other evidence submitted by the parties, in the light most favorable to the party opposing the motion." *Id*. (quotation marks and citation omitted). "Only where the proffered evidence fails to establish a genuine issue regarding any material fact is the moving party entitled to a judgment as a matter of law." *Id*. (quotation marks and citation omitted).

### B. PREMISES LIABILITY

"In a premises-liability action, as in any negligence action, the plaintiff must establish the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach proximately caused the plaintiff's injuries, and (4) the plaintiff suffered damages." *Jeffrey-Moise v Williamsburg Towne Houses Cooperative, Inc*, 336 Mich App 616, 626; 971 NW2d 716 (2021). "In the context of premises liability, a landowner's duty to a visitor depends on that visitor's status" as a trespasser, licensee, or invitee. *Kandil-Elsayed*, 512 Mich at 111 (quotation marks and citation omitted). Plaintiff's complaint alleges that as "a licensee on public property," defendant owed her "the duty to maintain the premises in a safe, prudent, and reasonable manner." This assertion is incorrect as a matter of law. "A 'licensee' is a person who is privileged to enter the land of another by virtue of the possessor's consent." *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596; 614 NW2d 88 (2000). A landowner has a duty to warn a licensee of any hidden dangers but "owes no duty of inspection or affirmative care to make the premises safe for the licensee's visit." *Id*. at 597. But defendant did not own or possess the public sidewalk adjoining its property, so the premises-liability theory of negligence simply does not apply to plaintiff's claim against defendant.[1]

---

[1] Even if we considered plaintiff to have entered defendant's property at the moment that her bicycle handlebars clipped defendant's fence, she would be a trespasser because her interference

Ordinarily, "there is no duty, absent a statute, of an abutting owner as to the condition of the sidewalk or public way, unless the landowner has physically intruded upon the area in some manner or has done some act which either increased the existent hazard or created a new hazard." *Berman v LaRose*, 16 Mich App 55, 57; 167 NW2d 471 (1969). See also *Parsons v EI Du Point De Nemours Powder Co*, 198 Mich 409, 414; 164 NW 412 (1917) (defendant's factory melted a hole in a frozen public river); *Grimes v King*, 311 Mich 399, 411; 18 NW 870 (1945) (defendant's poorly constructed wall fell into a public street). There is no dispute that the fence did not physically intrude upon the sidewalk. Plaintiff also does not challenge defendant's assertion that it never modified the fence after purchasing the property in 2006. And according to plaintiff's own consultant, it was the Village of Fruitport and MDOT, not defendant, that created the alleged hazard by improperly replacing the sidewalks and curb cuts in 2020. Defendant's fence existed in the same location both before and after the sidewalk was rebuilt, so defendant did nothing to increase any alleged hazard created by the narrowing of the sidewalk.[2]

Plaintiff argues that defendant created a new hazard by covering the fence with large political signs, which created a "blind corner" that prevented plaintiff from "seeing, appreciating, and guarding against" potential obstacles or hazards as she rounded the corner. Plaintiff testified that her view was partially obstructed by political signs, but she also explained that she observed two vehicles stopped at the intersection on East Pontaluna Road. In other words, she was still able to see and appreciate those hazards around the corner. Even assuming arguendo that defendant breached a duty by covering the fence with large signs in violation of a local ordinance,[3] there was no genuine issue of material fact that the obstructed view did not cause plaintiff's injuries. During the hearing on defendant's motion, plaintiff's counsel agreed that the handlebars on a typical bicycle are "probably wider" than the sidewalk at its narrowest point, and that plaintiff would have crashed her bicycle in the same way regardless of whether there were signs on the fence. He

---

with the fence was outside the scope of defendant's consent for members of the public to enter its land for the purpose of using the storage facility's services. "A 'trespasser' is a person who enters upon another's land, without the landowner's consent. The landowner owes no duty to the trespasser except to refrain from injuring [her] by 'wilful and wanton' misconduct." *Stitt*, 462 Mich at 596. Plaintiff does not allege, and the evidence does not support, that maintaining the fence was wilful and wanton misconduct.

[2] Plaintiff claims that her consultant opined that the *fence* violated several statutes, building codes, and ordinances, but it is clear from the consultant's affidavit and report that it was the *sidewalk* that the consultant believed was constructed in violation of the statutes and building codes. In any event, the "[v]iolation of an ordinance is not negligence per se, but only evidence of negligence. If no duty is owed by the defendant to the plaintiff, an ordinance violation committed by the defendant is not actionable as negligence." *Stevens v Drekich*, 178 Mich App 273, 278; 443 NW2d 401 (1989). This means that even if defendant's fence did not comply with local ordinances, plaintiff still had to show that defendant owed her a duty, which she has failed to do.

[3] Fruitport has a zoning ordinance that prohibits landowners from maintaining a "wall, fence or yard enclosure" over six feet tall unless it is "an open type fence that does not reduce visibility at right angles to any surface of such fence by more than 20 percent." Fruitport Charter Township Ordinance 781, § 42-577.

guessed that she might have been able to see "further ahead" and more fully appreciated how narrow the sidewalk was, but he also admitted that "it's hard to say what she would have seen around the corner had those signs not been there." But these arguments were merely speculative, and none of the evidence presented to the trial court suggested that the signage on the fence caused or contributed to plaintiff's injuries.

Because defendant did not owe plaintiff a duty to warn or protect her against the hazardous conditions on the public sidewalk and because the signage on the fence did not cause plaintiff's injuries, there was no genuine issue of material fact and defendant was entitled to judgment as a matter of law. Accordingly, the trial court did not err when it granted defendant's motion for summary disposition on plaintiff's premises-liability claim.[4]

Affirmed.

/s/ Mark T. Boonstra
/s/ Adrienne N. Young
/s/ Daniel S. Korobkin

---

[4] Plaintiff does not challenge the trial court's order to the extent that it granted summary disposition on plaintiff's nuisance claims, so those claims are not at issue on appeal.